IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:12-CV-347-BO

| | |
|---|---|
| KENNETH SOLVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Commissioner's motion for judgment on the pleadings [DE 20] and plaintiff's motion for judgment on the pleadings [DE 18]. A hearing on this matter was held in Raleigh, North Carolina on February 5, 2014 at 2:00 p.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On July 23, 2008, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging that he became disabled on July 1, 2002. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a hearing on November 8, 2010, at which plaintiff, his attorney and a vocational expert (VE) appeared. On December 16, 2010, the ALJ found that plaintiff was not disabled within the meaning of the Act from July 1, 2002 through December 31, 2007, plaintiff's date last insured. The Appeals Council denied review on August 21, 2012

rendering the ALJ's opinion the final decision of the commissioner. Plaintiff commenced a civil action in this Court on December 13, 2012.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff complains that the ALJ did not properly consider medical evidence dated shortly after the date last insured and erred in finding plaintiff had a medium residual functional capacity ("RFC"). However, the Commissioner's decision was based on substantial evidence and correct legal standards were used.

The agency "is required by law to 'consider all evidence' in a claimant's case record in making a disability determination." *Burnette v. Astrue*, 2009 WL 863372, at *3 (E.D.N.C. Mar. 24, 2009) (citing 20 C.F.R. §§ 401.1520(a)(3), 416.920(a)(3)). However, "there is no rigid requirement that an ALJ discuss or cite in the written decision each piece of medical evidence considered in reaching that decision." *Tarpley v. Astrue*, 2009 WL 1649774, at *2 (E.D.N.C. Jun.

2

1, 2009). Here, the ALJ gave "limited weight to the claimant's medical records following his date last insured of December 31, 2007, as they are less relevant to the claimant's claim of disability the more chronologically distant they are from the claimant's date last insured." [Tr. 23]. The ALJ clearly considered the medical records that are dated after the date last insured. He did not automatically bar the evidence and properly considered it.

The ALJ's RFC finding is supported by substantial evidence in the record. The ALJ's RFC finding is more restrictive than the only medical opinion in the record relating to the relevant time period, that of Dr. Woods. [Tr. 332–38]. The ALJ asked the VE if her testimony was consistent with the DOT which she said it was. [Tr. 59]. The ALJ then gave plaintiff's attorney an opportunity to ask the VE questions which the attorney declined. There is no discrepancy between the limitations in the ALJ's RFC finding and the requirements of the jobs that the ALJ found, based on the VE's testimony, that plaintiff could perform. Because the ALJ's RFC finding of medium was based on substantial evidence, the requirements of Rule 202.02 of the Medical Vocational Guidelines do not apply because they are based on a light RFC.

The ALJ carefully considered all of the evidence in the record in making the determination that plaintiff is not disabled. The ALJ's findings are supported by substantial evidence, and, as such, it is proper to affirm the ALJ's determination that the claimant was not disabled during the relevant time period and is not entitled to benefits.

3

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the ___ day of February 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE